We're pleased to be back in court with you, and we're trying to accommodate lawyers who wish to have an in-person argument where we can. We can't always accommodate them, but where we can, we're trying to do that in a way that safety measures, and you know that you are wearing masks, the court, the judges are all spread out, the gallery is spread out, we have plexiglass, we have microphone covers, we have all sorts of devices. You've had individual check-in times, and each case has been set for a separate time rather than all set at 9 a.m. back-to-back. We've done a number of things so that we could make this a safe place for oral argument, and if you have any suggestions for improvement, I'm sure we would appreciate them. This is our first day to be back in the courtroom in almost a full year in New Orleans, and it is an honor to be here with you gentlemen, and we look forward to hearing your case. 2020-60357, Ramon Rivera, versus the Director, Office of Workers' Compensation Programs. Mr. Briscoe, you may proceed. Good afternoon, your honors, and may it please the court, Jeff Briscoe on behalf of Ramon Rivera, the petitioner in this matter. We respectfully request that this court reverse the Benefits Review Board and find that a subsequent recommendation from the Department of Labor does not render a prior recommendation moot for the purposes of fee shifting under Section 928B of the Longshore Act. Subject to that finding, we ask that this court reinstate the order of the District Director that the respondents in this matter fail to tender any benefits within 14 days of receipt of the August 24, 2016, recommendation. Your honors, before I begin my principal arguments, I do want to acknowledge that this court has carried with the case the respondent's motion to dismiss the appeal on a timeliness issue. Obviously, if the court has any questions regarding that motion, I'm happy to answer the questions either on my primary argument or during the five minutes we've reserved for rebuttal. The legal issue before this court is simply whether a subsequent recommendation from the Department of Labor renders a prior recommendation moot for the purposes of fee shifting. It's petitioner's position that a plain reading of Section 928B leads to a conclusion that the Benefits Review Board's finding should be overturned. Section 928B states that the District Director shall issue a recommendation following an informal conference and that if the employer rejects that recommendation, the employer shall have 14 days in which to tender benefits. Counsel, are you saying they rejected it? When you say they continued to litigate, as I understand the record, there's no outright rejection. Is there? Is the issue which employer is the proper employer? How did they continue to litigate? On July 26th, the District Director issued a recommendation that Ameriforce was the responsible employer for Mr. Rivera's claim. Initially, on August 5th, the employer wrote a letter to the Department of Labor claiming to accept that recommendation. However, on August 19th, the employer wrote a subsequent letter bringing that issue back up again and claiming that the District Director should revisit the issue of last responsible employer. I think that's an express rejection of the prior recommendation and the employer's attempt to re-litigate that issue. You're maintaining that the 14-day period for Section 928B began on the July 26th date? Is that correct? Or 29th? On July 28th, I believe, the employer acknowledged receipt of that recommendation. On the receipt? Okay. Correct. In Cary v. Metaluminum, this court held that even where an employer alleges that it's accepting a recommendation, if it takes actions contrary to that recommendation and continues to dispute the recommendation, the employer is not actually accepting the recommendation and would owe fees under 28B. The August 24th recommendation is also at issue here, Your Honor, because the employer has alleged that they accepted the August 24th recommendation as well. However, there are three instances in the record that we can see the employer plainly contesting the August 24th recommendation. Could you help with that one? Because didn't the case settle for the exact amount of the August 24th recommendation? It ultimately did, Your Honor. And does that matter? Because if they offered to pay that amount within 14 days of August 24th, I mean, actually of August 29th receipt of the August 24th, why isn't that satisfactory? Because the offer to pay that amount was expressly conditional. Your Honors, this court in Cary v. Metaluminum at footnote 9 confirmed that an offer to pay tender benefits in compliance with a recommendation must be in writing and unconditional. The Benefits Review Board has confirmed this on multiple occasions in the consolidated cases of Jackson v. Newport News, Atkins v. Newport News, and Hitt v. Newport News. On September 12th, 2016, the 14th day following the August receipt of the August 24th recommendation, counsel for employer called myself and we discussed resolving the claim. There's contentions in the briefs debating what was said during that phone call, but it doesn't matter what was said during that phone call because in Section 928B, the act is clear. The tender of benefits within 14 days of a recommendation must be in writing. So the phone call doesn't matter. On the same day, September 12, counsel for employer wrote an email and said, before we go any further in settlement, let me be clear that our offer to pay the benefits they ultimately paid is conditioned on the claimant not submitting a fee petition to the Department of Labor. Because the Benefits Review Board in this court in Cary v. Metaluminum have held that there can be no condition on the tender of benefits, that email fails to satisfy that fourth element of the analysis under Section 928B. Did that settlement include the $5,000 for the outstanding medical? Correct. Yes, Your Honor. It did include that. And is there some place in the record where the settlement document or some other type of written notation of the settlement can be found? I think the only, there's the email on September 12th. But there's ultimately a letter on the following day in the record from the employer. And that letter may have been an unconditional tender of benefits. And ultimately, the claimant did not obtain additional benefits beyond that tender. The problem is that letter occurred on the 15th day. Under the statute, expressly states that an employer shall tender benefits within 14 days of receipt of the recommendation. The employer acknowledged received the recommendation on August 29th, and because they waited more than 14 days to unconditionally tender the benefits in writing, the provisions of Section 28B apply here, and the district director found that the employer is responsible for fees. But if the September 12th offer was contingent on Rivera not seeking attorney's fees, then it's not, that wouldn't count either, would it? The September 12th offer? Yes. Correct. And that's our position. That offer. Yeah. The offer on September 12th was expressly conditioned on the claimant not submitting a fee petition to the Department of Labor. So the question is, is the September 16th payment based upon the September 7th recommendation or the August 24th recommendation? It was ultimately based on the September 7th recommendation, Your Honor. However, the analysis under Section 28B is, one, is there an informal conference? Two, is there a recommendation to pay benefits? Three, does the employer reject or refuse to accept that recommendation to pay benefits? And the fourth point is the most important point here, Your Honor, that does the claimant obtain more benefits than the employer expressly tenders within 14 days of receipt of the recommendation? On August 24th, the district director made a recommendation that the employer was responsible for a 35% impairment rating to Mr. Rivera's hearing. Within 14 days of that recommendation, the employer did not unconditionally tender any benefits at all. Even though they've tendered benefits within 14 days of the subsequent September 7th recommendation, they are still required to pay attorney's fees because under a 28B analysis of the August 24th recommendation, they failed to tender those benefits. We believe that this is the . . . Does it matter if the claims examiner withheld the August 24th recommendation or just issued the September 7th recommendation on top of the 24th? Does it, does that matter how we construe that? No, because I don't think that the district director has the authority to do either one of those actions. The statute states that following an informal conference, the district director shall issue a recommendation. It doesn't contemplate the district director withdrawing prior recommendations or supplementing prior recommendations. Okay, so we look at the 24th recommendation and we count from the 29th to 14 days and then you tell us again succinctly your best position that that one was not satisfied. Right. At tab 15 in the record appendix, we have the email from the employer. This is the employer's, this is what the employer contends is the tender of benefits. That email expressly conditions the tender of benefits on the claimant not submitting a fee petition. And this court has held and carried the Ormet aluminum, there can be no condition on a tender to pay benefits. And so because there was that condition on, in the email, it wasn't an unconditional tender of benefits. The other reason that, the rule that we're asking this court to impose is simply that Section 928B is applied to each individual informal conference and recommendation. And that's supported by the Code of Federal Regulations. At 20 CFR 702.316, the regulation states that the district director shall bring an informal conference to a close. He shall issue a recommendation and based on the evidence, it's before him at that time. That Code of Federal Regulations specifically contemplates that there may be subsequent informal conferences. And it parenthetically warns employers that if they disagree with the prior informal conference recommendation, they need to read back and see the CFR that mirrors Section 28B that says they only have 14 days in which to tender benefits in compliance or based on that prior recommendation. And even though they're expecting a subsequent recommendation, if they do not tender any benefits within 14 days of the prior recommendation, they may be subject to fees under Section 28B. Reading further into Section 28B, Congress provided a single outlet for an employer to avoid fees where the issue at the informal conference is the nature and extent of the claimant's injury. If the employer agrees to submit the claimant to an independent medical exam and agrees to pay the compensation owed on that independent medical exam, Section 28B would not apply to the employer. Following that August 24th informal conference, the remaining issue was the nature and extent of Mr. Rivera's injury. The employer wrote a letter to the Department of Labor on August 29th claiming that it was going to submit additional medical evidence to the Department of Labor and asking the Department of Labor to change its impairment rating or the recommendation on the impairment rating based on that additional medical evidence. On September 1st, the employer provided that medical evidence to the Department of Labor and in the employer's letter, it's at 13 in the record appendix, the employer notes that they had a phone conference with the Department of Labor. We weren't on that phone conference, however, we can assume the employer was arguing its position that the recommendation should be changed to reduce the claimant's impairment rating. Because the nature and extent of the claimant's injury was at issue here, the employer could have avoided fee liability if they had asked the Department of Labor to appoint an independent medical exam and agreed to pay the benefits due on the independent medical exam. I want to make this clear because we put this in a footnote in our briefing, but there was never an independent medical exam in this case. Section 907E delineates between second medical opinions which are experts hired by the employer and independent medical exams which are experts hired or appointed by the Department of Labor. The Benefits Review Board's holding expands this express provision in Section 28B to allow employers to avoid fee liability under Section 28B where they get a second opinion and not an independent medical exam. We believe that's a plain departure from the language in Section 28B. So what do you specifically want us to hold? There's a number of things that you think went wrong in this process. What is it important for us to hold? The most important thing for this court to hold is that a subsequent recommendation does not render a prior recommendation moot for the purposes of fee shifting. That's the only holding, I think, where the Benefits Review Board went wrong. They held that because the employer received a subsequent recommendation from the Department of Labor to pay something different on September 7th than what was recommended on October 24th, the employer was granted an additional 14 days to tender any benefits or accept the prior recommendation. That's a clear error and isn't supported by a plain reading of 28B. Okay, and you can't get around that, the other side can't get around that by saying, well, even if there was a subsequent, it's the same amount, so it doesn't matter because it's not conditional. Is that the... Correct. That's... We've gone over that. Right. September 12th was an obviously conditional offer. They can't get around that. So if this court holds the August 24th recommendation had to be complied with or the employer had to at least tender some benefits within 14 days of that recommendation, it's clear the employer failed to do that. The backstop to our position is always that fourth element of Section 928B that this court has repeated in Perez, in Andropon, and in Kerry v. Ormetta-Lumina. And in fact, in Perez, the court described 28B as an opportunity for employers. They can accept the recommendation from the Department of Labor and pay the benefits the it believes are owed, and even if that's not the same amount that the Department of Labor was recommending, if the claimant never obtains more benefits, then the employer never has to pay attorney's fees. On September 12th, the employer was in receipt of the recommendation and they were in receipt of their own medical evidence. They had all the information they needed to know as to what benefits they expected Mr. Rivera would be entitled to. Instead of tendering those benefits to Mr. Rivera, they simply offered nothing. The employer raises several different issues regarding the recommendation that it wasn't sufficient to the claimant to, or it wasn't sufficient to the employer to know what to pay. It indicates that they didn't actually reject that recommendation. Section 928B requires that the employer fail to accept a recommendation. It doesn't require the employer to reject the recommendation. However, it's our position that the employer did expressly reject the recommendation via its August 29th letter to the Department of Labor asking for a different recommendation and its September 1st letter to the Department of Labor submitting additional medical records to the Department of Labor asking it to change the prior recommendation. So to the extent they're arguing, well we didn't really oppose it, we just wanted to get a couple other things worked out, that doesn't work here? No, the statute states that if the employer fails to accept the recommendation, accepting would be paying the benefits owed, Your Honors. I see my time is out, I'll address it again on rebuttal, Your Honors. Thank you. Mr. Williams? May it please the Court, good afternoon, Your Honors. My name is Chris Williams and I'm here on behalf of the respondents, Ameriforce and Sigel. While this case has a somewhat complicated procedural background, the issue before the court today is fairly simple. And that's whether claimant's counsel is entitled to attorney's fees from the employer under Section 28B. This court specifically addressed the interpretation of 28B in Entrepont v. Murphy Exploration and held that there's four requirements that must be met to transfer fees. The first is an informal conference. The second is a recommendation to pay compensation. The third is a refusal from the employer to accept the recommendation, not to be construed with not accepting the recommendation. Tell us, you know, the opposing counsel was pretty adamant that it's not refusal to accept, it's failure to accept. Tell why you believe that's different and what's your specific authority that differs from the opposing counsel's? Yes, Your Honor. The plain text of Section 28B provides that an employer refused to accept such written recommendation and then it provides an alternative to avoid fees if it does refuse to accept the recommendation and that is by tendering compensation. Nothing in Section 28A, excuse me, 28B, 928B requires an employer to accept a recommendation in writing within 14 days of its issuance and that is very important here because as the court in Entrepont noted, we're dealing with the American rule as the foundation here. To stray from the American rule, we need a statute with specific and explicit language stating how and when fees would be shifted to the employer. Here under Section 28B, the employer must refuse to accept the recommendation for fees to be shifted. What's clear in this case is the employer did not ever refuse to accept the recommendation. With respect to the July recommendation, the employer in fact wrote to the Department of Labor and said, we accept your recommendation. That was as the last responsible. But they continued to negotiate. Yes, Your Honor. That is essentially what the purpose of the informal claims process is. But you're not, if you're negotiating, you're not accepting. You're dragging it out more. I mean that's not, I'm not saying you don't have the right to do that, but you have refused to accept it by saying, by making a counteroffer or by asking for something else. I guess I have the same question about the September 12th offer. It was expressly contingent on Rivera not seeking attorney's fees. So that was not an acceptance of the recommendation. And Your Honor, if I may address each recommendation individually. Not every recommendation from the claims examiner is the same. The claims examiner can recommend last responsible employer, it can recommend entitlement to the claimant to seek treatment from a different medical provider. It can recommend entitlement to indemnity benefits, medical benefits. It can recommend that the employer is entitled to an independent medical evaluation. But for purposes of 28B, we need a specific recommendation to pay compensation for fees to be shifted. This was addressed by the Benefits Review Board in Thompson v. Northrop Grumman, where the board held that without a specific recommendation as to the amount of compensation to be paid to a claimant, liability for attorney's fees is not shifted under the Act. With respect to the August 12th recommendation that you were referring, Your Honor. I'm sorry. September 12th? Excuse me. It was the September 7th recommendation and the conversation, I believe, on September 12th. No, sir. I'm talking about the August 24th recommendation. Yes, ma'am. And how that the September 12th. Correspondence. Yeah. Yes. I'm sorry. I misstated it. It was the August 24th recommendation that was received on August 29th, right? After that recommendation, it was apparent to the employer that the new claims examiner who was assigned to this case wasn't aware of the procedural posture. So the employer made him aware of this procedural posture. Then the claims examiner, and by the way, the employer made him aware of that through a letter to the Department of Labor in which claimants counsel was copied on. The claims examiner contacted the employer, acknowledged the posture of the case, and informed the employer that he would be issuing a subsequent recommendation and assured the employer that it would have additional time to accept that recommendation. And this conversation was memorialized in a letter sent to the Department of Labor on and the claims examiner did not respond. Okay. I still don't understand, and so you need to help me. And I'm getting there, Your Honor. I'm getting there. Okay. The claims examiner then issued his September 7th recommendation. This recommendation rendered. I'm not talking about the September 7th recommendation. I'm talking about the August 24th recommendation. Yes, ma'am. You don't get to just preempt the recommendation, and we don't just move automatically to the 7th one. We have to deal with the August 24th one. And so there is no unconditional acceptance within the 14-day period for the August 24th. You agree with me on that, correct? There is no unconditional acceptance in writing. And there's no unconditional acceptance at all because it's conditional to the extent there is an acceptance. Your position is that you don't need an unconditional acceptance. You told me that earlier, told us that earlier, but there is no unconditional acceptance in writing or otherwise of the August 24th ruling or procedure, whatever it's called. The September 12th email correspondence to opposing counsel that conveyed the offer with the condition of no attorney's fees followed a conversation that the employer's counsel had with claimant's counsel. And in that conversation, the employer conveyed to the claimant's counsel that here was an offer to settle, and in the alternative, if you did not accept the offer to settle, we are accepting the recommendations of the claims examiner. And that conversation was memorialized in writing, sent to opposing counsel the next day. And, Your Honor, this brings us back to the issue under Section 28B. It does not require an employer to accept a recommendation in writing within the 14-day period. And therefore, and there is no dispute that that conversation took place, and there is no dispute that the employer conveyed to claimant's counsel that they would be accepting the recommendation if not for, if they chose not to accept settlement. The big issue here that claimant takes is that because that correspondence was on the 15th day, one day after their conversation, 14 days after receipt of the August 24th findings, that the employer should be subject to attorney's fees here. But Your Honor, I must go back to the September 7th recommendation, because that recommendation rendered moot the August 24th findings. You can't render moot the recommendation. You're not allowed to issue recommendations on top of recommendations and render the other one moot. What CFR says that you can do that? The Federal Code of Regulations requires that the district director either conduct subsequent conferences or issue subsequent recommendations as the parties are working out the process And that one is considered moot and no longer has the 14-day period attached to it. Where does it say that in the regulations? Well, Your Honor, respectfully, the federal regulations say nothing about an employer accepting or having to accept a recommendation in writing within 14 days to avoid liability for attorney's fees. The Code of Regulations, which claimant cites for the notion that a recommendation must be accepted in writing, deals with Federal Regulation 702.316, which is specifically directed at the actions of the district director. This Code of Federal Regulation provides that the district director will hold an informal conference, issue a recommendation, issue a memorandum of informal conference. If the parties can agree on the issue, he resolves it. If they disagree on the issue, then he will conduct additional informal conferences. This portion of the Federal Regulation that references, that cautions about Section 28B is if they disagree. Here the parties did not ever refuse to accept the recommendation. The recommendation that was for 35.31% binaural hearing loss. Within 14 days of that recommendation, the claims examiner issued a new recommendation that employer was not in fact responsible for 35.31% hearing loss. His new recommendation was that employer was responsible for 28.16. So if the employer had agreed to a previous recommendation within 14 days that was rendered moot by a subsequent recommendation, what exactly would the employer be agreeing to in that case? The claims examiner essentially completely changed his findings in this regard. Is the answer to my question, there is actually no specific regulation that allows or that contemplates withdrawing and canceling the obligations associated with the prior recommendation? Your Honor, I have found no code of Federal Regulations that states that a claims examiner cannot issue a subsequent recommendation rendering his previous recommendation moot, nor have I found a Federal Regulation that says that he cannot do so if he realizes that he made an error. Or that he could do it. You found none either way is the answer, right? I'm sorry, Your Honor. I didn't hear you. You found none that said he couldn't and none that said he could. Correct Your Honor. So there is no regulation that speaks to whether or not the behavior of the examiner was correct in this case? I agree with that, Your Honor. I agree with that. The Benefits Review Board has looked at this issue. The Department of Labor has looked at it. The Benefits Review Board has found that the employer was not required to comply with a moot recommendation. So if we determined that the August 24th recommendation was not moot and was still in effect, and this is not foreshadowing, this is a hypothetical, if we were to determine that, and there is no actual acceptance within the 14 days, then what? Your Honor, then the employer would be responsible for attorney's fees under the condition that this court finds that 28B requires an employer to accept a recommendation in writing within 14 days to avoid liability for fees. Because there is no dispute here that the employer's counsel had a conversation with the claimant's counsel wherein the employer conveyed that it was offering to settle the claim and if the claimant did not accept that offer, it was agreeing to the recommendations of the claims examiner. This happened on September 12th within 14 days of the August 24th findings. And was that conveyed also to Mr. Rivera's counsel simultaneously, or was it only conveyed to the examiner? No, Your Honor. The September 12th conversation was between employer's counsel and Mr. Rivera's counsel. And that conversation is important to note, was memorialized in, it's found in Respondent's Record Excerpt 2, a September 13th letter memorializing their conversation. This was followed up on September 15th by an additional email stating the intent of it was accepting the recommendations of the claims examiner. And, Your Honor. But you also, but it required the not seek attorney's fees. I'm sorry, Your Honor. It required not seek attorney's fees, so it's not really an offer. The offer to settle was conditioned on not seeking attorney's fees. The acceptance of the recommendation had no condition on it whatsoever. The employer stated it would accept the recommendations of the claims examiner with respect to indemnity benefits owed, as well as the hearing aids that he recommended. And again, this is found in the letter of Record Excerpt 2 that employer wrote to claimant's counsel memorializing the conversation. The way claimant would have it is that . . . Are you okay with the fact that they say the employer conditioned the acceptance of medical benefits on the stipulation? I'm sorry, Your Honor. I didn't hear you. The brief, the blue brief, says the employer conditioned the acceptance of medical benefits on a stipulation that the claimant not seek attorney's fees against the employer. Thus, the employer's offer was not unconditional and therefore did not appropriately constitute a tender of benefits. Claimant later obtained the additional $5,000 in medical benefits without the condition previously required by the employer. Your Honor, the offer was for $25,151 for indemnity benefits and $5,000 for medical benefits conditioned on the claimant not submitting an attorney's fees. In the alternative, the employer accepted the recommendation of 28.16% binaural hearing loss for a total of $24,755.46 owed to the claimant and hearing aids unconditionally. This pivots to the point that the fourth element of Honor Comp just was not met in this case. The employer offered to settle the claim for $25,151.05 for indemnity and $5,000 for medical benefits. That's the exact amount that this claim settled for in the end. And Judge Englehart, you were asking about in the record regarding settlement. I don't believe that the, that settlement was commemorated in an 8I, under 908I of the Department of Labor. The Department of Labor did, in fact, settle that and that's not an issue here to dispute that the case ultimately settled for what the employer offered in this case. What is important here is that the employer was willing to pay that amount following the August 24th informal conference. It begs the question of what benefit did the claimant receive beyond that which the employer was willing to pay after the claims process. And while claimant attempts to rely on Kerry v. Ormet that the employer continue to litigate this issue, that's simply not the case. We're dealing with an informal claims process where the parties are to come together before the Department of Labor, discuss the facts of the case, submit evidence, and come to a resolution. When the case did come to a resolution, the employer accepted that resolution and wound up paying the claimant exactly what was recommended by the claims examiner and agreed to by the parties. I want to turn back to, while I can, if I may, to the August 24th recommendation. This court held in Entrepont that to trigger the fee-shifting standards under the Act, the recommendation must be a recommendation to pay compensation. Otherwise, there's no action that the employer must have to take here. This was, again, analyzed in Thompson v. Northrop Grumman where the court found that without a specific recommendation as to the amount that the employer was required to pay, fees under 28B were not triggered. Any recommendation for the claims examiner does not necessarily trigger fees. We have to look at the August 24th recommendation. What do we have here? We have a recommendation for binaural hearing loss and that an employer is responsible for hearing aids. The claims examiner requested that the employer submit additional evidence so we could formulate additional recommendations. And the employer did so here. It wasn't until September 7th that the claims examiner issued specific recommendations that the employer was required to pay a compensation rate of $439.55, that it owed the claimant $24,755.46, and there is no dispute that when the claims examiner issued that specific recommendation that the employer accepted that recommendation. Can you cover the July 28th one, please? The July 28th recommendation? Yes, ma'am. I'm sorry. I didn't catch the first part. Can you please cover the July 28th recommendation? I didn't hear the first part. I'm so sorry. Can you cover, address? Yes, ma'am. Can you address the July 28th? It's an open-ended question. How do you deal with that one? The July recommendation, the issues before the Department of Labor were average weekly wage and last responsible employer. This was because the claimant had initially filed his claim against a different employer and had represented that he worked at a different location from one where the employer's employees actually worked. The claims examiner found that the claimant had sufficient evidence to be, that the employer would be the last responsible employer, and this was accepted in writing without question within 14 days of its issuance. What came up after the fact is while submitting wage records to the Department of Labor, the claims examiner found that the employer was working with American fabricators rather than at Trinity Shipyards where he said. And so the employer asked the claims examiner to reconsider his decision. The employer never rejected that initial decision, and in fact, when the claims examiner in August and September, the new claims examiner found the employer to be the last responsible employer, the employer continued to accept that recommendation. So while claimant would say that it's an express refusal, that it was employers expressly refused to accept that recommendation by asking the claims examiner to reconsider his findings. How is it acceptance if you're saying it's not me? It's not really acceptance, is it? Well, I would say it is, Your Honor, and this goes back to 28, the issue under 28A. An employer pays some compensation accepting some liability, which the employer did in that case, and that's why we're here addressing 28B rather than 28A. Okay. Well, I have a further question then. Some of the language used, some of the discussions of this include the term tender. Yes, ma'am. And tender would mean, you know, you actually send the check over or Venmo it or however they do it nowadays. We used to do these with checks. Is there any requirement for actual tendering, and when did any actual tendering occur in this case? Your Honor, I see that I'm out of time. Please answer the question. Thank you. Thank you. I don't think there's a dispute here that the employer can tender compensation by saying that it will pay a certain amount. That's tendering compensation? Because tendering actually means handing it over. I understand. You know, the case law says that stating affirmatively that an employer will pay the compensation. What case says that? I don't have that in front of me. The claimant has briefed that in his brief. What is important about it, though, is that the obligation to tender doesn't arise until the employer refuses to accept a recommendation. And there's no dispute here that the employer timely complied with the September 7th recommendation here. And that's a good point, though, Your Honor. Because in some circumstances, when a claims examiner makes a recommendation, it is impossible for the employer to pay for that recommendation until a much later date, which is exactly the case when it comes to hearing aids. Because with a medical device, the way it works under the Longshore Act is that a claimant receives a specific recommendation as to a type and kind. If he chooses to have that medical device, he submits that request to the employer, subject to audit, pays for it. Okay. I think I understand your question, that you believe there's certain circumstances that make it impossible to tender payment in the time, 14 days. Yes, Your Honor. Thank you. Thank you. Thank you. Mr. Briscoe, you save time for rebuttal. Judge Elrond, let me first address your question about the tender of benefits. The Act does distinguish between paying benefits and tendering benefits. The Benefits Review Board has addressed this a couple of different times in the Jackson v. Newport News case, the Atkins v. Newport News, and Hitt v. Newport News. And in those cases, the Benefits Review Board has said that the tender of benefits must be an unconditional offer to pay those benefits. So the employer can do two things. They can either pay the benefits that are recommended, or they can make an unconditional offer to the claimant to pay some other amount. And this gets to what this court in Perez stated, is that there are two options for an employer to avoid fees under 28B. The first is to accept the recommendation of the district director. The second is to disagree with the recommendation of the district director, but tender some lesser amount of benefits. If the claimant never obtains more benefits than were tendered or unconditionally offered, then the claimant wouldn't be entitled to attorney's fees. In this case, the employer clearly did not accept the recommendation of August 24, 2016. And I think there's a distinction here. The employer alleged in its brief that indifference to a recommendation is not the same as refusing to accept a recommendation. As a party to litigation, I find it hard to understand how we can be indifferent to a court's order or the Department of Labor's recommendation and claim we're not refusing to follow that order. So in this case, because the employer did not pay the benefits that were recommended by the Department of Labor, they did not accept the recommendation of the Department of Labor. Furthermore, because on August 29th and on September 1st, the employer wrote letters to the Department of Labor asking for a different recommendation, those were expressed rejections of the August 24th recommendation. So the next question for the court is simply, did the employer tender any benefits unconditionally within 14 days of receipt of the August 24th recommendation, and did the claimant obtain more benefits than were tendered within that period of time? Is this about $8,100 in attorney's fees? Those are the fees that were incurred before the district. Those are the fees that were incurred before the district director, yes, Your Honor. And under 28B . . . Do they continue to accrue through each procedure that we go through? I'm not saying that you've established that you're entitled to them, but . . . That's correct. Under the Act, if the employer fails to . . . if the employer is responsible for our fees before the district director and continues to litigate this case through this court, our fees would be awarded for all of the litigation through this point, Your Honors. I want to quickly go back and address the phone conference. Again, we clearly have a dispute as to what was said during the September 12th phone conference, but the best evidence as to what was said during that conference is in the record at our own email that states, Before we go any further in settlement negotiations, our offer to pay any benefits is contingent on the claimant not submitting a contested fee petition. And because the written offer of benefits had a contingency, it clearly fails to meet the standard of a tender of benefits, which must be unconditional. And again, that's from Jackson, Atkins, Hitt, and this court's opinion in Kerry v. Ormetta-Lumen at footnote 9. The only other contention that the employer made when they were making an oral argument was that they didn't know what to pay following the August 24th recommendation. That finding from the district director, that the recommendation was complete, was never disturbed by the benefits review board. The district director found that there was more than enough information in the August 24th recommendation for the employer to pay benefits. And in fact, in the August 19th letter from the employer to the Department of Labor, they repeated the average weekly wage that the director told the employer to pay on. And so we don't think that there was any ambiguity based on the August 24th recommendation that they were responsible to be paying benefits. Your Honors, unless you have any further questions, I don't have anything else to add. Thank you. We have your argument. Thank you. This concludes this argument. We appreciate counsel's arguments on both sides of the case, and we appreciate you coming today to argue the case. The case is submitted for our consideration, and the court will stand in recess until tomorrow afternoon via Zoom. Thank you.